Helen E. Burris, U.S. Bankruptcy Judge
THIS MATTER came before the Court on the Order to Appear and Show Cause directing attorney Christopher J. Neeson of Bleecker Brodey & Andrews to appear before the Court and show cause as to why sanctions should not be imposed pursuant to Fed. R. Bankr. P. 9011.[1] A hearing was held on June 4, 2019. Present at the hearing were Neeson and Debtor's counsel F. Lee O'Steen.
Neeson is an attorney at the firm Bleecker, Brodey & Andrews, located in Indianapolis, Indiana. The firm does not maintain a South Carolina office, but Neeson is licensed to practice in this state and admitted to practice before the United States District Court and, thus, this Court. Through Neeson, the firm's practice includes the representation of various creditors.
Neeson explained he utilizes "local counsel" to appear on his behalf for hearings in South Carolina.[2] This is accomplished by using "local counsel networks" maintained by the vendors Court Appearance Professionals (https://www.appearanywhere.com ) and Local Counsel Collective (https://docketly.com/ ). An attorney within those networks may agree to cover the requested hearing based on the terms and details provided. Neeson explained that he understands it is the responsibility of the local attorney to conduct a conflict check to determine eligibility before agreeing to appear at the hearing. Prior to a hearing, Neeson contacts a local attorney and provides the facts and details of the case as well as the pleadings. It is unclear how it is determined whether an attorney has the expertise or ability to handle any matter. This business model failed miserably in *2 this case.[3]
Twice Neeson filed and self-scheduled Motions for Relief from Stay and the Debtor objected. At two separate hearings no attorney appeared who could proceed to prosecute the Motions. For the first hearing, an attorney who had not filed any appearance in the case appeared on behalf of Neeson. However, she was not admitted to the bar of the District Court pursuant to Local Civ. Rule 83.I.03 (D.S.C.) and, therefore, was not admitted to practice in this Court. See SC LBR 2090-1. A detailed order was entered denying that Motion and ordering that no fees and costs could be added to the mortgage debt as a result.[4] At the second hearing, no person appeared at all to pursue the Motion. This Motion was also denied for the creditor's failure to prosecute and the Order stated that no fees or expenses can be added to the mortgage as a result of the Motion.
The Court issued the Show Cause Order because Neeson failed to appear twice and wasted the time and resources of the Court, Debtor, and his counsel. Neeson filed an Affidavit[5] in response and appeared at the hearing. Neeson apologized to the Court and advised that his firm has since suspended all filings outside Indiana and retained a local South Carolina attorney he alleges is knowledgeable in bankruptcy law to appear at future hearings in this jurisdiction. Neeson clarified at the hearing that the creditor will not charge Debtor any fees or expenses associated with the filing of the Motions.
Debtor and his counsel did not request any sanctions against Neeson as a result of these facts, even though the conduct described in this Order and the various orders issued in this case is certainly sanctionable under one or more authorities. See Fed. R. Bankr. P. 9011 ; SC LBR 9011-1 & 9011-3; Rule 1.1 & 5.1, RPC, Rule 407, SCACR. The Court will refrain from issuing any sanctions as a result of Neeson's appearance, apology, and the remedial measures described above, and expects that these facts will not be repeated.
IT IS, THEREFORE, ORDERED that the Order to Appear and Show Cause issued on is hereby DISSOLVED.

ECF No. 53, entered Apr. 15, 2019.

Neeson is a member of the South Carolina bar and federal bar for the District Court. Therefore, he has not retained "local counsel" as required by Local Rules or as set forth in his Affidavit. See Local Civ. Rule 83.I.05 (D.S.C.). Rather, Neeson retained another South Carolina attorney to appear in his place at the hearings and assist in this case.

The Court makes no determination regarding the appropriateness of this model.

ECF No. 44.

ECF No. 56, filed Apr. 18, 2019. Despite the details in the various orders entered by the Court, the Affidavit incorrectly asserted that the "local counsel" retained to appear was present for the second hearing; this is incorrect. There were 177 separate matters on the Court's docket that day. The hearing in question was scheduled for 11:00 a.m. at docket number 171. No appearance was made on behalf of the movant. The local attorney in question was present earlier in the day for a confirmation hearing in the case of another debtor with the last name Moffatt, which was scheduled at 10:30 a.m. at docket number 132.10.